**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**DARLING ANTONIO DIAZ-GARCIA,**

**Petitioner,**

**v.** **Case No. 26-CV-1739**

**DALE J. SCHMIDT,**

**Respondent.**

## RULE 4 ORDER

Darling Antonio Diaz-Garcia, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) While Diaz-Garcia moves for leave to proceed without prepaying the filing fee (Docket # 5), he subsequently paid the $5 statutory fee. Thus, this motion is denied as moot. Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

Diaz-Garcia is a citizen of Nicaragua who entered the United States in March 2022. (Hab. Pet. ¶¶ 1, 15.) He presented himself to immigration authorities near the southern border and was processed by the Department of Homeland Security ("DHS"). (*Id.* ¶ 16.) Diaz-Garcia was subsequently paroled into the United States and applied for asylum. (*Id.* ¶¶ 17, 20.) Diaz-Garcia resided openly in the United States and remained subject to immigration supervision.

(*Id.* ¶ 19.) On August 7, 2025, Diaz-Garcia appeared for an immigration reporting appointment and was taken into custody at that time. (*Id.* ¶¶ 23–24.)

On September 3, 2025, an immigration judge conducted a custody redetermination proceeding and granted Diaz-Garcia's request for release upon posting a bond of $3,500.00. (*Id.* ¶¶ 29–30.) DHS subsequently appealed the bond determination and invoked an automatic stay that prevented Diaz-Garcia's release. (*Id.* ¶ 32.) On January 21, 2026, an immigration judge ordered Diaz-Garcia removed from the United States in his underlying removal proceedings. (*Id.* ¶ 37.) Diaz-Garcia has appealed this decision to the Board of Immigration Appeals and the appeal remains pending. (*Id.* ¶¶ 38, 40.) He remains detained pending completion of ongoing removal proceedings and administrative review. (*Id.* ¶ 45.) Diaz-Garcia asserts that his continued detention is unlawful as he is being detained pursuant to a statutory theory that was rejected by the Seventh Circuit in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026). (*Id.* ¶¶ 54–95.) He further argues that his prolonged detention for 403 days in immigration custody violates his Fifth Amendment right to Due Process. (*Id.* ¶¶ 96–120.) Diaz-Garcia requests the Court order his immediate release from custody or alternatively, to provide him with a bond hearing. (*Id.* ¶¶ 132–33.)

Diaz-Garcia was afforded a bond determination hearing and was granted release. To the extent the appeal and Diaz-Garcia's continued detention is being justified by *Matter of Hurtado*, 29 I. & N. Dec. 216, 2025 BIA LEXIS 44, 2025 LX 553980 as he alleges, the respondent is called upon to show why Diaz-Garcia's continued detention is justified in the face of the Seventh Circuit's decision in *Cirrus Rojas*. Accordingly, Respondent is ordered to respond to the petition and this Order by no later than **October 14, 2026**.

As a final matter, regarding service of Diaz-Garcia's petition and this Order upon the respondent, I note that the Clerk of Court and U.S. Attorney's Office for this district have entered into a Memorandum of Understanding ("MOU") dated December 10, 2025, in which the U.S. Attorney's Office has agreed to accept service on behalf of non-federal respondents in habeas cases such as this one if so authorized. Given the time-sensitive nature of these petitions, I will order service upon respondent pursuant to this MOU. However, I will also order the clerk's office to serve a copy of the petition and this order via electronic mail and U.S. Mail to Attorney Kimberly Nass, Dodge County Corporation Counsel.

Additionally, the Seventh Circuit Court of Appeals makes clear that the only proper respondent in cases such as this one is the warden who exercises day-to-day control over the petitioner. *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006). The court came to this conclusion despite arguments that the local wardens are agents of ICE. For this reason, respondent must enter an appearance in this case, file a consent or refusal to magistrate judge jurisdiction form, and respond as directed by this Order.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Diaz-Garcia's petition and this Order shall be served upon respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS ALSO ORDERED** that respondent shall respond to the petition no later than **October 14, 2026**. Petitioner may file a reply no later than five (5) days of receiving respondent's response.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed Without Prepaying of the Filing Fee (Docket # 5) and Motion for Expedited Consideration (Docket # 3) are denied as moot.

Dated at Milwaukee, Wisconsin this 9th day of October, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge